FILED

FEB - 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> WOMEN'S GROWTH CAPITAL FUND I, L.L.L.P. ) <br> ) <br> **Defendant** ) <br> ) | CASE NUMBER 1:05CV00273 <br><br> JUDGE: Paul L. Friedman <br><br> DECK TYPE: General Civil <br><br> DATE STAMP: 02/▇/2005 |

### COMPLAINT FOR RECEIVERSHIP, PERMANENT INJUNCTION AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416. The defendant has stipulated and consented the entry of the requested relief in this civil action.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; and 28 U.S.C. § 1345.

3. Defendant, Women's Growth Capital Fund I, L.L.L.P. (hereinafter WGC) is a Delaware limited liability limited partnership.

4. Defendant, WGC maintains its principal office and/or principal place of business at 1025 Thomas Jefferson Street, NW, Suite 305 West, Washington, D.C. 20007. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h, and 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. WGC was licensed by SBA as a small business investment company ("SBIC" or "Licensee") on June 17, 1998, SBA License No. 03/73-0213, under Section 301(c) of the Act, 15 U.S.C. § 681(c), solely to do business under the provisions of the Act and the regulations promulgated thereunder.

6. According to the most recent filings with SBA made by WGC pursuant to its obligation under applicable regulations to report financial and management information to SBA, the management of WGC consists of Women's Growth Capital Partners, L.L.C., a Delaware limited liability company, as the sole general partner of WGC.

7. SBICs are intended to advance the interests of small businesses by providing financial assistance to small concerns. 15 U.S.C. § 661.

8. The Articles of Limited Partnership of WGC submitted to SBA expressly provide that WGC was organized solely for the purpose of operating under the Act and subject to regulations issued by SBA thereunder.

9. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

2

10. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee may be forfeited and the company may be declared dissolved.

11. Section 311 of the Act, 15 U.S.C. § 687c, provides that, whenever in the judgment of SBA, a Licensee, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and shall grant permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court may also appoint SBA to act as receiver for such Licensee.

12. In accordance with Section 303 of the Act, 15 U.S.C. §683b, SBA provided financing to WGC through the purchase of the following participating securities totaling $13,410,000:

| Loan Number | Amount | Date | Interest Rate |
| --- | --- | --- | --- |
| 02022151-02 | 1,380,000 | 05/14/99 | 7.540 |
| 02022152-00 | 1,500,000 | 07/30/99 | 7.540 |
| 02022153-09 | 1,550,000 | 10/15/99 | 8.017 |
| 02022154-07 | 1,250,000 | 12/10/99 | 8.017 |
| 02022155-05 | 1,600,000 | 04/28/00 | 7.449 |
| 02022156-03 | 1,720,000 | 05/19/00 | 7.449 |

| | | | |
|---|---|---|---|
| 02032652-06 | 1,000,000 | 08/10/00 | 7.449 |
| 02032651-08 | 1,000,000 | 08/10/00 | 7.449 |
| 02032653-04 | 500,000 | 08/10/00 | 7.449 |
| 02032654-02 | 1,500,000 | 07/27/01 | 6.344 |
| 02032655-00 | 410,000 | 07/26/02 | 2.310 |

(hereinafter referred to collectively as the "Participating Securities").

13. The Participating Securities are expressly subject to and incorporated by reference in the Regulations, including but not limited to the provisions of 13 C.F.R. § 107.1820 through 1850 (1998-2004 Editions).

14. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2004), provides that a condition of capital impairment is an event of default. Section 107.1830 (c) of the Regulations, 13 C.F.R. § 107.1830 (c) (2004) further provides that a Section 301(c) Licensee, such as Defendant, has a condition of capital impairment if its capital impairment percentage exceeds 85.

15. Based upon WGC's financial statements as of June 30, 2002, SBA determined that WGC had a condition of capital impairment in excess of 161.36%.

16. SBA directed WGC to cure its condition of capital impairment.

17. To date, WGC has failed to cure its capital impairment, and therefore, SBA has determined that pursuant to Section 107.1830(b) of the Regulations, 13 C.F.R. § 107.18.30(b) (2004), WGC has a condition of capital impairment and is not in compliance with the terms of its leverage.

## COUNT ONE
## CAPITAL IMPAIRMENT and NON PERFORMANCE of the REQUIREMENTS of a
## PARTICIPATING SECURITY

18. Paragraphs 1 through 17 are incorporated by reference as though set forth in their entirety herein.

19. Section 107.1830 (b) of the Regulations, 13 C.F.R. § 107.1830 (b) (2004), provides that if you have a condition of Capital Impairment, you are not in compliance with the terms of your leverage. Section 107.1830 (c), 13 C.F.R. § 107.1830 (c) (2004), further provides that a Section 301(c) Licensee, such as Defendant, has a condition of capital impairment if its capital impairment percentage exceeds 60.

20. Section 107.507(a) of the Regulations provides that nonperformance of any of the requirements of any Participating Security shall constitute a violation of the Regulations. 13 C.F.R. § 107.507 (2004).

21. Based upon WGC's financial statements as of June 30, 2002, SBA determined that WGC had a condition of capital impairment in excess of 161%.

22. To date, WGC has failed to cure its impairment.

23. WGC's violation of the Regulations for capital impairment and nonperformance of the requirements of a Participating Security entitles SBA to relief pursuant to 15 U.S.C. § 687c, including injunctive relief and appointment of SBA as Receiver of WGC.

24. WGC was notified on September 19, 2002, that it had been transferred to liquidation status.

25. SBA provided financing to WGC in the principal amount of $13,410,000.

**WHEREFORE**, Plaintiff prays as follows:

5

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining WGC, its officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of WGC's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of WGC, wherever located; or (3) violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate WGC's noncompliance with the requirements of the Participating Security and noncompliance and violation of the Act and the Regulations promulgated thereunder.

C. That this Court take exclusive jurisdiction of WGC, and all of its assets, wherever located, appoint SBA as permanent receiver of WGC for the purpose of liquidating all of Defendant's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court, and pursuing causes of action available to WGC, as appropriate.

D. That this Court order that WGC's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E. That this Court grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. BAR # 451058

R. CRAIG LAWRENCE
D.C. BAR # 171538
Assistant United States Attorney

_[signature]_
KEITH V. MORGAN
Assistant United States Attorney
D.C. Bar # 422665
555 Fourth Street, N.W.
Washington, D.C. 20530
202-514-7228.

U.S. SMALL BUSINESS ADMINISTRATION

By: _[signature]_
ARLENE P. MESSINGER (APM1280)
Assistant General Counsel for SBIC Enforcement
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, DC 20416
Telephone:    (202) 205-6857
Facsimile: (202) 205-7154

Attorneys for Plaintiff U.S. Small Business Administration

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,  )
                           )
    Plaintiff,             )
                           )
    v.                     )   Civil Case No. 05-0273
                           )
WOMEN'S GROWTH CAPITAL FUND I, L.L.L.P.)   Receivership Order
                           )
    Defendant.             )
                           )

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Women's Growth Capital Fund I, L.L.L.P.. ("WGC"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of WGC ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of WGC's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of WGC under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a

receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of WGC are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to WGC's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of WGC and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to WGC. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of WGC, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to WGC and all of WGC's assets and all other assets and property of the limited partnership, whether real or personal. Wendee Kanarek, as representative of WGC, shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of WGC, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of WGC, as well as the names, addresses and amounts of claims of all known creditors of WGC. Within thirty (30) days following the entry of this Order, Wendee Kanarek, as representative of WGC, shall also furnish a written report describing all assets. All persons and entities having control, custody or

possession of any assets or property of WGC are hereby directed to turn such assets and property over to the Receiver.

4.   The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of WGC, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to WGC shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if WGC had received such payments.

5.   The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of WGC, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court,

3

transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. WGC's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of WGC, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to WGC. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving WGC or any assets of WGC, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving WGC, the Receiver, or any of WGC's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking

4

any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving WGC or any assets of WGC, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, involving WGC, the Receiver, or any of WGC's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of WGC against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

8.  WGC and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of WGC to the detriment WGC or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

9. The Receiver is authorized to borrow on behalf of WGC, from the SBA, up to $500,000 and is authorized to cause WGC to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of WGC, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of WGC.

10. This Court determines and adjudicates that SBA has made a sufficient showing that WGC has violated the Act and the Regulations, as alleged in the Complaint filed against WGC in the instant action, to obtain the relief so requested.

DATED this __ day of February, 2004.

_____
UNITED STATES DISTRICT COURT JUDGE

SEEN, STIPULATED AND AGREED:

Women's Growth Capital Fund I, L.L.L.P., through its authorized representative

By: _____

Title: Managing Member
Women's Growth Capital Partners, L.L.C.
General Partner of Women's Growth Capital Fund I, L.L.L.P.

Date: 12/6/04